**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

∗∗∗

| | |
|---|---|
| Paden El Bey: Tiffany,<br><br>                    Plaintiff,<br><br>vs.<br><br>Fairbank Richard, et al.,<br><br>                    Defendants. | Case No. 2:23-cv-00389-APG-VCF<br><br>**ORDER**<br><br>APPLICATION TO PROCEED *IN FORMA PAUPERIS* (EFC NO. 1) |

      Pro se plaintiff Paden El Bey: Tiffany filed an application to proceed in forma pauperis (IFP). ECF No. 1. I deny Paden El Bey's IFP application without prejudice.

## DISCUSSION

      Federal Rules of Civil Procedure Rule 10(a) commands that the title of every complaint must name all the parties. "The normal presumption in litigation is that parties must use their real names." *Doe v. Kamehameha Sch./Bernice Pauahi Bishop Est.*, 596 F.3d 1036, 1042 (9th Cir. 2010).

      Under 28 U.S.C. § 1915(a)(1), a plaintiff may bring a civil action "without prepayment of fees or security thereof" if the plaintiff submits a financial affidavit that demonstrates the plaintiff "is unable to pay such fees or give security therefor." The Ninth Circuit has recognized that "there is no formula set forth by statute, regulation, or case law to determine when someone is poor enough to earn IFP status." *Escobedo v. Applebees*, 787 F.3d 1226, 1235 (9th Cir. 2015). An applicant need not be destitute to qualify for a waiver of costs and fees but he must demonstrate that because of his poverty he cannot pay those costs and still provide himself with the necessities of life. *Adkins v. E.I DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948). If the court determines that an individual's allegation of poverty is

untrue, "it shall dismiss the case." 28 U.S.C. § 1915(e)(2).

The applicant's affidavit must state the facts regarding the individual's poverty "with some particularity, definiteness and certainty." *United States v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981) (citation omitted). If an individual is unable or unwilling to verify his or her poverty, district courts have the discretion to make a factual inquiry into a plaintiff's financial status and to deny a request to proceed in forma pauperis. See, e.g., *Marin v. Hahn*, 271 Fed.Appx. 578 (9th Cir. 2008) (finding that the district court did not abuse its discretion by denying the plaintiff's request to proceed IFP because he "failed to verify his poverty adequately"). "Such affidavit must include a complete statement of the plaintiff's personal assets." *Harper v. San Diego City Admin. Bldg.*, No. 16cv00768 AJB (BLM), 2016 U.S. Dist. LEXIS 192145, at 1 (S.D. Cal. June 9, 2016). Misrepresentation of assets is sufficient grounds in themselves for denying an in forma pauperis application. *Cf. Kennedy v. Huibregtse*, 831 F.3d 441, 443-44 (7th Cir. 2016) (affirming dismissal with prejudice after litigant misrepresented assets on in forma pauperis application).

The District of Nevada has adopted three types of IFP applications: a "Prisoner Form" for incarcerated persons and a "Short Form" (AO 240) and "Long Form" (AO 239) for non-incarcerated persons. The Long Form requires more detailed information than the Short Form. The court typically does not order an applicant to submit the Long Form unless the Short Form is inadequate, or it appears that the plaintiff is concealing information about his income for determining whether the applicant qualifies for IFP status. When an applicant is specifically ordered to submit the Long Form, the correct form must be submitted, and the applicant must provide all the information requested in the Long Form so that the court is able to make a fact finding regarding the applicant's financial status. See *e.g. Greco v. NYE Cty. Dist. Jude Robert Lane*, No. 215CV01370MMDPAL, 2016 WL 7493981, at 3 (D. Nev. Nov. 9, 2016), report and recommendation adopted sub nom. *Greco v. Lake*, No. 215CV001370MMDPAL,

2016 WL 7493963 (D. Nev. Dec. 30, 2016).

Plaintiff Paden El Bey submitted the Short Form IFP application. ECF No. 1. Plaintiff claims that he makes no money, has no bills, has no property of any kind, has no dependents, and has no debts. On the docket, plaintiff includes his address. I take judicial notice of the fact that public records reveal is a three-bedroom house. Plaintiff does not provide any details in his application regarding how he pays his bills for the house, whether he owns or rents the house, or how he lives considering that he claims he has no money and no bills. I find that plaintiff has omitted information from his application. I cannot determine whether the applicant qualifies for IFP status.

I note that many members of the Moorish sovereign citizen movement over affix "Bey" or "El" to their names. See *Bey v. Mower Cty. HHS Office of Child Support*, No. 15-cv-2728 (JNE/TNL), 2015 U.S. Dist. LEXIS 96970, at 2 (D. Minn. June 24, 2015). Plaintiff also appears to have included in his signature line a reference to "UCC 1-308" which appears to refer to some sort of reservation of rights: this is common in Moorish pleadings because they believe that by "reserving your rights" you can avoid the potential consequences of untruthful answers. *Id.* at 2-3. Plaintiff's IFP application is evasive, incomplete, and indicates that he is concealing assets. I also note that last Friday, Paden El Bey: Tiffany initiated seven civil actions in this Court:

1. ., 2:23-cv-00388-APG-EJY: *Paden El Bey: Tiffany v. Cannon A. Douglas et al.*
2. 2:23-cv-00389-APG-VCF      *Paden El Bey: Tiffany v. Fairbank et al*
3. 2:23-cv-00390-APG-BNW      *Paden El Bey: Tiffany v. Losh et al*
4. 2:23-cv-00391-CDS-NJK   *Paden El Bey: Tiffany v. Cox Communication et al*
5. 2:23-cv-00392-GMN-DJA      *Paden El Bey: Tiffany v. Hochschild et al*
6. 2:23-cv-00393-ART-DJA      *Paden El Bey: Tiffany v. Haller Karen et al*
7. 2:23-cv-00394-JAD-NJK      *Paden El Bey: Tiffany v. Doubles et al*

Plaintiff likely is not litigating using his legal name. I will give plaintiff one opportunity to file a complete IFP application. I order that the plaintiff must complete the Long Form application. I order that he may not respond with a zero in response to any question without providing an explanation for each of the questions. He also may not leave any questions blank. Since he must complete the Long Form, plaintiff is required to provide comprehensive information regarding his sources of income, employment history, bank accounts, assets, monthly expenses with dollar amounts, age, how he pays his bills, and his years of schooling, among other things.  In response to question 11, which asks why he cannot afford to pay the filing fee, plaintiff must explain in detail how he pays his bills.

I also order the plaintiff must use his real name per the Federal Rules.  He must inform the Court of his legal name on his birth certificate and driver's license in his updated IFP application. Plaintiff must sign the IFP application with his legal name.  I deny plaintiff's IFP application without prejudice. I give plaintiff 30 days to file an updated IFP application. Plaintiff must fully answer all applicable questions and check all applicable boxes. Plaintiff may alternatively pay the filing fee in full. Since I deny plaintiff's IFP application, I do not screen his complaint now.

ACCORDINGLY,

I ORDER that Paden El Bey's application to proceed in forma pauperis (ECF No. 1) is DENIED without prejudice.

I FURTHER ORDER that Paden El Bey has until Thursday, April 13, 2023 to file an updated IFP application using the Long Form as specified in this order or pay the filing fee. Failure to timely comply with this Order may result in case closure or a recommendation for dismissal with prejudice.

**NOTICE**

Pursuant to Local Rules IB 3-1 and IB 3-2, a party may object to orders and reports and recommendations issued by the magistrate judge. Objections must be in writing and filed with the Clerk

of the Court within fourteen days. LR IB 3-1, 3-2. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985).

This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983). Pursuant to LR IA 3-1, the plaintiff must immediately file written notification with the court of any change of address. The notification must include proof of service upon each opposing party's attorney, or upon the opposing party if the party is unrepresented by counsel. Failure to comply with this rule may result in dismissal of the action.

IT IS SO ORDERED.

DATED this 14th day of March 2023.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE