# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

\*\*\*

| | |
|---|---|
| Paden El Bey: Tiffany,<br><br>                    Plaintiff,<br>vs.<br><br>Fairbank Richard, et al.,<br><br>                    Defendants. | Case No. 2:23-cv-00389-APG-VCF<br><br>**ORDER**<br><br>APPLICATION TO PROCEED *IN FORMA PAUPERIS* (EFC NO. 5) |

Pro se plaintiff Paden El Bey: Tiffany filed a new application to proceed in forma pauperis. ECF Nos. 5. I deny her IFP application.

## DISCUSSION

Federal Rules of Civil Procedure Rule 10(a) commands that the title of every complaint must name all the parties. "The normal presumption in litigation is that parties must use their real names." *Doe v. Kamehameha Sch./Bernice Pauahi Bishop Est*., 596 F.3d 1036, 1042 (9th Cir. 2010). Under 28 U.S.C. § 1915(a)(1), a plaintiff may bring a civil action "without prepayment of fees or security thereof" if the plaintiff submits a financial affidavit that demonstrates the plaintiff "is unable to pay such fees or give security therefor."

I previously denied plaintiff's IFP application because I could not determine whether she qualified because she claimed she had no bills and made no money. ECF No. 3 at 3. I also noted that

many members of the Moorish sovereign citizen movement over affix "Bey" or "El" to their names. See *Bey v. Mower Cty. HHS Office of Child Support*, No. 15-cv-2728 (JNE/TNL), 2015 U.S. Dist. LEXIS 96970, at 2 (D. Minn. June 24, 2015).

Regarding plaintiff's identity, plaintiff attached a birth certificate that states that she was born in Oakland and that her name, at least at that time, was Tiffany LaShae Paden. ECF No. 5 at 25. In my previous order, I also appear to have misgendered plaintiff as a male, but plaintiff is welcome to correct the record regarding her gender. Plaintiff does not indicate if she legally changed her name, but she does attach what looks like could be a passport with her new El Bey name, and multiple "sovereign citizen" affiliated ID Cards such as a notice that, "This American National is protected under Public Law 95-147…This is a public notice under UNIDROIT applicability….By the common law standards of Americans in regards to bloodline lineage and rights to the soil the national herein declared that he/she is an American Lining in the dominion of his ancestors." Plaintiff's filings raise more questions than answers regarding whether she has complied with Rule 10. Since I am denying plaintiff's IFP application, I will address this issue if this case proceeds, and after the defendants make an appearance.

In my previous order, I also took judicial notice that according to the docket, plaintiff lives in a three-bedroom house, but she did not explain how she pays the bills for the house (she swore she had no bills). ECF No. 3. I ordered her to complete the Long Form application. I ordered that she:

(1) may not respond with a zero in response to any question without providing an explanation for each of the questions.

(2) may not leave any questions blank

(3) is required to provide comprehensive information regarding any sources of income, employment history, bank accounts, assets, monthly expenses with dollar amounts, age, how she pays her bills, and her years of schooling, among other things, and

(4) in response to question 11, which asks why she cannot afford to pay the filing fee, plaintiff must explain in detail how she pays her bills.

Plaintiff did not follow the instructions in my previous order. She marked zero in response to multiple questions on the long form and left multiple boxes blank, without explaining why she did so. She now admits that she does have about $1,900 in expenses related to her house and utilities. Plaintiff does not, however, explain how she pays almost $2,000 in monthly bills given that she alleges she has $0 in income. ECF No. 5 at 21. In response to question 11, she states that she has had her identity stolen and her phone has been hacked. *Id.* Plaintiff does not explain, however, how she pays her expenses, as I had ordered. The factual conflicts in her IFP applications support a finding that plaintiff's sworn affidavit is evasive and incomplete. Based on plaintiff's varied and contradicting representations, I am unable to determine if plaintiff qualifies to proceed in forma pauperis. Plaintiff's application to proceed informa pauperis is denied.

ACCORDINGLY,

I ORDER that plaintiff's IFP application (ECF No. 5) is DENIED.

I FURTHER ORDER that plaintiff has until Tuesday, May 30, 2023, to pay the filing fee.

## **NOTICE**

Pursuant to Local Rules IB 3-1 and IB 3-2, a party may object to orders and reports and recommendations issued by the magistrate judge. Objections must be in writing and filed with the Clerk of the Court within fourteen days. LR IB 3-1, 3-2. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985).

This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District

Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983). Pursuant to LR IA 3-1, the plaintiff must immediately file written notification with the court of any change of address. The notification must include proof of service upon each opposing party's attorney, or upon the opposing party if the party is unrepresented by counsel. Failure to comply with this rule may result in dismissal of the action.

    IT IS SO ORDERED.

    DATED this 17th day of May 2023.

_____

CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE